IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ARCHIE G. ROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-070 |
| | ) | |
| FNU AJIBADE, Doctor, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I.  BACKGROUND

Plaintiff names the following Defendants in his complaint: (1) Doctor Ajibade, a physician at JSP; (2) Ms. Powell, Medical Director at JSP; and (3) Ms. Brown, who is also

identified as Medical Director at JSP. (Doc. no. 1, pp. 1, 4, 13.) Plaintiff indicates that he is suing each Defendant in his or her individual and official capacities. (Id.)

Plaintiff alleges that he was transferred to JSP in January of 2011, at which time he had various medical problems, including a cyst on his spine, a hernia of the stomach, cancer, and a lump on his testicle. (See id. at 5, 7.) Plaintiff maintains that, prior to his arrival at JSP, these conditions were diagnosed as requiring medical treatment by various medical professionals. (See id. at 10, 12.) According to Plaintiff, approximately two or three weeks after his arrival at JSP, he was seen by each Defendant; however, he alleges that, as of the time he filed his complaint, he has not received adequate treatment. (See id. at 5, 7.) In particular, Plaintiff complains that he has had to endure approximately seven months of pain and suffering, and that he still has not received treatment for his various conditions. (Id.) He also claims that the failure to provide treatment has caused his conditions to worsen, and that he has suffered weight loss, scarring of his back, long term kidney disease, and liver disease. (See id. at 7.)

Plaintiff asserts that Defendant Ajibade is the physician who is primarily responsible for his medical care. (Id. at 9.) Plaintiff alleges that he explained to all Defendants the nature of his medical issues and need for treatment, and he specifies that Defendants Powell and Brown were "put on notice of [his] serious medical needs for medication and treatment." (Id. at 9.) Plaintiff seeks an award of monetary damages against each Defendant. (See id. at 6.)

## II. DISCUSSION

Plaintiff attempts to proceed against all Defendants in their official and individual capacities. As noted above, in his demand for relief, Plaintiff seeks an award of monetary damages against each Defendant. (See id.) Notably, however, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims for monetary relief fail as a matter of law, and they should be dismissed from this case.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's official capacity claims for monetary damages be **DISMISSED**.[1]

SO REPORTED and RECOMMENDED this 28th day of September, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] In a simultaneously filed Order, the Court has directed that service of process be effected on all Defendants based on Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs.