FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 FEB 23 AM 8: 37
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ARCHIE G. ROE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 311-070 |
| | ) |
| FNU AJIBADE, Doctor, et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is presently before the Court on Defendants' "Pre-Answer Motion to Dismiss." (Doc. no. 23.) Plaintiff opposes the motion; in addition, Defendants filed a reply, and Plaintiff filed a sur-reply. (Doc. nos. 25, 26, 27.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED** and that this case be **DISMISSED** without prejudice and **CLOSED**.

I.  **BACKGROUND**

In his complaint, which is dated July 7, 2011, Plaintiff alleges that, as a result of Defendants' actions, he received constitutionally inadequate treatment for various serious medical problems, including a cyst on his spine, a hernia of the stomach, cancer, and a lump

on his testicle. (See id.) Because Plaintiff is proceeding IFP, the Court screened his complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A. The Court allowed Plaintiff to proceed with § 1983 claims against Defendants based on his allegations that they showed deliberate indifference to his serious medical needs in violation of the Eighth Amendment.[1] (Doc. no. 9.)

## II. DISCUSSION

Defendants now seek to dismiss Plaintiff's complaint, arguing that Plaintiff failed to exhaust his administrative remedies, that his complaint fails to state a claim upon which relief may be granted, and that they are entitled to qualified immunity. (See doc. nos. 23-1, 26.) In his response and reply, Plaintiff opposes Defendants' motion, arguing that his complaint states viable claims against Defendants and generally asserting that his case should not be dismissed on exhaustion grounds. (Doc. nos. 25, 27.)

As explained below, the Court concludes that Defendants have the better argument on the issue of exhaustion; therefore, the Court finds that it is unnecessary to reach the other arguments in Defendants' motion to dismiss.

### A. Legal Standard for Exhaustion of Administrative Remedies

Where a defendant has filed a motion to dismiss based on failure to exhaust administrative remedies, as Defendants have here, the Eleventh Circuit has laid out a two-step process for courts to use in resolving such motions.

---

[1] Upon screening Plaintiff's complaint, the Court additionally recommended the dismissal of Plaintiff's official capacity claims for monetary damages. The Honorable Dudley H. Bowen, Jr., United States District Judge, adopted that recommendation as the opinion of the District Court. (Doc. no. 10.) Judge Bowen overruled Plaintiff's subsequent objections to the Order adopting this Court's recommendation. (Doc. nos. 18, 22.)

2

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.
>
> . . . .
>
> If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues. . . . The defendants bear the burden of proving that the plaintiff has failed to exhaust his administrative remedies. . . . Once the court makes findings on the disputed issues of fact, it then decides whether under those findings, the prisoner has exhausted his available administrative remedies.

Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citing Bryant v. Rich, 530 F.3d 1368, 1373-74 (11th Cir. 2008) (citations omitted), *cert. denied*, 555 U.S. 1074 (2008)). Where exhaustion "is treated as a matter of abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376 (citations omitted).

### B. Plaintiff's Failure to Exhaust Administrative Remedies

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act's ("PLRA") mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is

3

futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998) If an administrative remedy is "available," it must be exhausted to satisfy § 1997e(a). See id. at 1326 (explaining that under PLRA, courts are "to focus solely on whether an administrative remedy program is 'available'"). Under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005), *cert. denied*, 548 U.S. 925 (2006).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90-91 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson, 418 F.3d at 1159. Put plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 F. App'x 918, 920 (11th Cir. 2006) *(per curiam)* (quoting Johnson, 418 F.3d at 1155); see also Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) *(per curiam)* ("Since appellant has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies.").

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) *(per curiam)*; see also

4

Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001), *overruled in part on other grounds by* Porter, 534 U.S. at 532; Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999).

As Defendants correctly observe, the administrative grievance procedure applicable in this case is governed by the Georgia Department of Corrections' Standard Operating Procedure ("SOP") IIB05-0001. (Doc. no. 23-1, pp. 4-5 & Ex. 1 (hereinafter "Lumpkin Aff."), ¶ 8.) Once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. SOP IIB05-0001 § VI(B). The inmate has ten (10) calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. Id. § VI(B)(5). The timeliness requirements of the administrative process may be waived upon a showing of good cause. See id. § VI(C)(2) & (D). The SOP requires that an inmate be given a response to his informal grievance within 10 calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id. § VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete

a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has 5 business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2), (5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. See id. § VI(D).

Here, Defendants have shown that Plaintiff's claims against them should be dismissed without prejudice because of his failure to satisfy the exhaustion requirement of § 1997(e). In support of their motion to dismiss, Defendants have produced the affidavit of Tracey Lumpkin, the Grievance Coordinator at JSP. Ms. Lumpkin attests that on May 6, 2011, Plaintiff filed an informal grievance asserting that a prison doctor not named as a Defendant in this case failed to provide adequate treatment for cysts on his back. (Lumpkin Aff. ¶ 17.) The informal grievance was denied, and Plaintiff subsequently filed an unsuccessful formal grievance on May 18, 2011, and an appeal on June 6, 2011. (Id.) Plaintiff initiated the instant case on July 7, 2011, without waiting for resolution of his appeal. (See id.; doc. no. 1.)

Ms. Lumpkin also attests that Plaintiff filed another informal grievance regarding Defendant Powell's alleged failure to provide adequate care for his cysts on June 27, 2011. (Lumpkin Aff. ¶ 20.) Following the denial of that informal grievance, Plaintiff filed the

6

instant action prior to submitting a formal grievance on July 13, 2011. (See id.) Plaintiff proceeded to file a series of grievances regarding his medical treatment beginning in August of 2011, well after the initiation of this case. (See id. ¶¶ 23-28.)

Plaintiff does not dispute Ms. Lumpkin's account of the grievances he submitted pertaining to his medical care at JSP. (See doc. nos. 25, 27.) However, he complains that JSP's grievance procedure prevented him from filing more than one grievance per week and required him to wait several weeks for responses at the various stages of the grievance process. (See doc. no. 27, pp. 1-2.) He also asserts that the grievances he filed prior to initiating the instant action provided Defendants ample notice and opportunity to address his medical issues prior to the filing of his complaint. (Id.)

Unfortunately for Plaintiff, as explained above, the Court has no discretion to waive the requirement that Plaintiff exhaust his administrative remedies prior to filing suit, Alexander, 159 F.3d at 1325-26, and Defendants have shown that Plaintiff failed to properly exhaust the administrative procedure by completing all available steps prior to filing his complaint. See Johnson, 418 F.3d at 1155-56. The fact that some of Plaintiff's grievances may have been resolved after he initiated this case provides no basis for Plaintiff to avoid dismissal; because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff had to complete the administrative process *before* initiating this suit. See Higginbottom, 223 F.3d at 1261. Moreover, despite Plaintiff's dissatisfaction with the administrative procedural requirements, it is well-established that he must comply with such requirements in order to properly exhaust his administrative remedies. See Woodford, 548 U.S. at 90-91.

Accordingly, Defendants' motion to dismiss should be **GRANTED**, and Plaintiff's case should be dismissed without prejudice for failure to comply with the exhaustion requirement of §1997e(a).

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED** (doc. no. 23) and that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this __ day of February, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE